



FILED IN COURT OF APPEALS
12th Court of Appeals District

OCT 08 2015

TYLER TEXAS
PAM ESTES, CLERK

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. PD-0228-14

### THE STATE OF TEXAS

v.

### TERENCE JOHNSON, Appellee

## ON STATE'S PETITION FOR DISCRETIONARY REVIEW FROM THE TWELFTH COURT OF APPEALS HOUSTON COUNTY

**ALCALA, J., filed a concurring opinion.**

### CONCURRING OPINION

I join this Court's majority opinion that holds that the statute criminalizing the damage or destruction of the American flag is unconstitutionally overbroad. I write separately to make three observations that influence my decision in this case.

First, I love the American flag. It waves near the front entrance of my house almost all year long. On special national holidays, my family places multiple smaller flags along the sidewalk. Pinwheels in my yard and the wreath on my door have a design similar to a flag.

I just love it. I believe that all the judges of this Court and of every other court in this country feel the same way. So if I love the flag as much as I do, then why do I join this Court's majority opinion that finds a law protective of the flag to be unconstitutional? To me, we best honor the flag by upholding the federal constitutional provisions that disallow any statute seeking to broadly criminalize its damage or destruction. It is precisely because the flag serves as a symbol for everything that is good about the United States—the right to the free exercise of religion, freedom of speech, and the right to peaceably assemble—that the government may not enact a law that is so broad that it stifles freedom of expression by threatening criminal punishment for the flag's damage or destruction.

It is ironic that, in order to honor the constitutional principles underlying the flag, its destruction must be permitted. The fact that a person damages or destroys a flag in a disrespectful way should be viewed as a recognition that our constitutional right to freedom of speech includes allowing that kind of behavior, disgraceful as almost all of us may find it. The more a person loves the flag for its symbolic value, the more he will surely recognize that its damage and destruction must be permitted as a freedom of speech guaranteed by the Constitution.

No branch of government, however well-intentioned or considered its work, is authorized to violate the federal constitutional right to freedom of speech. As a co-equal branch of government, this Court must enforce the federal Constitution as it is written, even when doing so may not be politically expedient. Although I suspect that most people in

Texas would prefer that we uphold the flag-preservation statute because they love their flags as much as I do mine, I must honor my duty to preserve, protect, and defend the Constitution of the United States.

Second, this statute is so broad that I suspect that the majority of homeowners in Texas have violated it on numerous occasions and that they could be subject to prosecution by a government official acting under his lawful authority. The statute states, "A person commits an offense if the person intentionally or knowingly damages, defaces, mutilates, or burns the flag of the United States or the State of Texas." TEX. PENAL CODE § 42.11(a). The statute applies to all flags "capable of being flown from a staff of any character or size," and the only exception to the statute is for the "proper disposal of damaged flags" done in "conformity with statutes of the United States or of this state." *Id.* § 42.11(b), (c). Thus, if someone buys a dollar-store flag similar to the ones that line many sidewalks of numerous homes in honor of our country during national holidays, with a staff that is a small stick ten inches high, flying a flag that is six inches in width, the person commits a Class A Misdemeanor under this statute by placing that item in the trash, even if the disposal is merely because the item is dirty from mud. Although I agree with this Court's majority opinion that the statute is overbroad in the sense that it infringes on the First Amendment rights of those people who desire to damage or destroy the flag as a means to protest American values, I make the additional observation here that this statute is also so broad that it can make criminals of vast numbers of homeowners who fly the flag as a form of speech

in honor of our country. It should give no one any comfort that it would appear exceedingly unlikely that a government official would incarcerate anyone for throwing away a muddied dollar-store flag that was used to honor our country on a special holiday. Our constitutional right to free speech should not be dependent on the whim of any governmental official who decides that the homeowner honoring our country by displaying the small dollar-store flag should not be prosecuted for throwing away a muddy flag, but that the anti-government demonstrator should be placed in jail for up to a year for having damaged that same flag in a similar way. Our constitutional rights cannot be dependent on the views of a government official who decides which speech he finds meets his approval.

Third, as this Court's majority opinion observes, the Supreme Court's decisions in *Texas v. Johnson*, 491 U.S. 397 (1989), and *United States v. Eichman*, 496 U.S. 310 (1990), have already resolved the vast majority of the issues before us with respect to the constitutional implications of laws regulating the destruction or damage of flags. Furthermore, the Supreme Court has expressly permitted a defendant to "attack" "overly broad statutes with no requirement that the person making the attack demonstrate that his own conduct could not be regulated by a statute drawn with the requisite narrow specificity." *Broadrick v. Oklahoma*, 413 U.S. 601, 612, 93 S. Ct. 2908, 2916 (1973). "[B]ecause of the possible inhibitory effects of overly broad statutes" that affect people's freedom of speech, overbreadth attacks on these statutes are permitted. *Id*. It is suggested that this Court should disregard the Supreme Court's overbreadth doctrine and that this Court should create a

procedural hurdle that would require a defendant to show that his rights were personally affected by a statute. I disagree. I conclude that it would be improper and unconstitutional to create a state standard that would make it more difficult for a defendant to prevail on a First Amendment challenge in state court than in federal court. In an analogous context, the Supreme Court has held that a state may not enact a law that would make it more difficult for a defendant to obtain relief under the Eighth Amendment of the federal Constitution by elevating the burden of proof necessary to establish intellectual disability. *Hall v. Florida*, 572 U.S. __ , 134 S. Ct. 1986, 2000-01 (2014). In *Hall*, the Court held that the determination of who was intellectually disabled was so intertwined with the federal constitutional prohibition against the execution of certain intellectually disabled people that the state of Florida was not permitted to set forth its own definition that would make it more difficult to obtain relief than under the federal standard for proving intellectual disability. *See id*. Similarly, here, this Court cannot limit the scope of the First Amendment by permitting challenges only by those who can show that their own rights of free speech were affected by a particular statute. The Supreme Court's rationale that the possible inhibitory effects of an overly broad statute warrant consideration of attacks even by those whose First Amendment rights are not personally affected is equally applicable whether the attack is in state court or federal court. *Broadrick*, 413 U.S. at 612. I, therefore, agree with the majority opinion's assessment that the overbreadth doctrine constitutes a substantive component of First Amendment law and that this Court is not free to disregard it.

Because this Court's majority opinion applies Supreme Court precedent to this case to resolve most of the questions before us, and because we are bound to follow that precedent, I join this Court's majority opinion.

Filed: October 7, 2015

Publish